UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW OBERSTAR; MARIE OBERSTAR,

        Plaintiffs,

-vs-                            Case No. 2:08-cv-115-FtM-29SPC

DIVOSTA HOMES, L.P.,

        Defendant.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Defendant DiVosta Homes Motion to Dismiss or for a Stay or to Compel Arbitration Pursuant to Florida Statute 682.03(3) (In the Altenative) (Doc. #15) filed on June 30, 2008. The issues were referred to this Court by the Honorable John E. Steele (Doc. # 22) on October 3, 2008.

**FACTS**

      On May 25, 2005, the Plaintiffs and DiVosta entered into a written contract for the purchase of a unit in Village Walk of Bonita Springs ("Contract"). The Contract contains an arbitration clause requiring "[a]ny controversy, claim or dispute arising out of or relating to this Contract or the Purchase of the Unit (other than claims under the Limited Warranty) shall be settled by binding arbitration. . . ." The Contract's arbitration clause reads in pertinent part:

> Arbitration. Any controversy, claim or dispute arising out of or relating to this Contract or the Purchase of the Unit (other than claims under the Limited Warranty) shall be settled by binding arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association (AAA) and the Federal Arbitration Act (Title 9 of the United States Code) and judgment rendered by the arbitrator(s) may be confirmed,

> entered and enforced in any court having jurisdiction. As a condition precedent to arbitration, the dispute shall be mediated in accordance with the Construction Industry Mediation Rules of the AAA, or such other mediation service selected by the Seller.

(Doc. # 15, Defendant's Brief, ¶ 2).

The Plaintiffs claim personal injury to Andrew Oberstar and loss of consortium. The Complaint alleges the Plaintiff Andrew Oberstar became ill due to mold infestations in the subject property caused by the Defendant's negligent construction which allowed water to seep into the house and caused mold.

Divosta attempted to rectify the problem but according to the Plaintiffs was unable to remove the mold. The Plaintiffs allege that Andrew Oberstar is a survivor of lung cancer and has not recovered from respiratory problems which were diagnosed as being caused by mold poisoning or exposure due to the Defendant's negligence. As a result, the Plaintiffs brought the instant action in this Court based upon diversity jurisdiction.

## DISCUSSION

The Defendant raises two issues. Initially, the Defendant moves to dismiss the case for failure to state a claim. Second, the Defendant states the case must first go to mediation and then proceed to binding arbitration under the terms of the sales contract. The Plaintiffs argue that the Complaint clearly withstands the procedural attack and further the personal injury claim is exempt from any application of the arbitration clause.

### (a) Whether the Complaint Should be Dismissed

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). However, dismissal for failure to state a claim

upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 540 U.S. ----, 127 S. Ct. 1955, 1964-1967, 2007 WL 1461066 * 10 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic, 127 S. Ct. at 1964-1967.

Although once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. at 964-1967. To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n. 16. Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

In this instance the Plaintiff Andrew Oberstar claims that he has suffered physical injury due to the Defendant's negligence in the construction of their residence. The allegations are supported by facts that the Defendant does not dispute nor does the Defendant offer legal argument against the Plaintiff's allegations. Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary;

the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Anthony Sterling, M.D. v. Provident Life and Acc. Ins. Co., 519 F.Supp.2d 1195, 1208 (M.D. Fla. 2007) (quoting Erickson v. Pardus, — U.S.—,127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)). Based upon the allegations and factual support offered in the Complaint, the Plaintiff has met the low threshold established by Fed. R. Civ. P. 8 to survive the Defendant's Motion to Dismiss for failure to state a claim. Therefore, it is recommended that the Motion to Dismiss the Complaint for failure to state a claim be denied.

### *(b) Whether the Court Should Compel Arbitration*

The Defendant is requesting the Court refer this action to arbitration. The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* Section 2 of the Act provides, in part as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Section 2 is a declaration by Congress of the liberal federal policy favoring arbitration agreements. Senti v. Sanger Works Factory, Inc., 2007 WL 1174076, *4 (M.D. Fla. April 18, 2007). Section 3 of the Act requires that upon a motion by a party, the court must stay an action if an action is brought which is referable to arbitration under a written agreement. Castro v. Newport Bay Corp., 2008 WL 4415424 *3 (M.D. Fla. September 25, 2008) (citing 9 U.S.C. § 3).

Congress mandated a federal policy which favors arbitration agreements. Senti, 2007 WL Castro, 2008 WL 4415424 at *3 (citing E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 289, 122 S.

Ct. 754, 151 L. Ed.2d 755 (2002)). Therefore, arbitration clauses are generally construed in favor of arbitration. Castro, 2008 WL 4415424 at *3 (citing, Mose H. Cone Memorial Hospital v. Mercury Construction Corp, 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed.2d 765 (1983)); Ruby-Collins, Inc. v. City of Huntsville, Alabama, 748 F.2d 573, 576 (11th Cir.1984)). The issue of whether the parties agreed to arbitrate is decided by the court and not the arbitrator, unless the agreement clearly provides otherwise. Senti, 2007 WL 1174076 at * 4. "Generally, when deciding whether the parties agreed under the FAA to arbitrate a certain matter, courts 'should apply ordinary state-law principles that govern the formation of contracts.' " Id. at * 5 (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)). Therefore, the Court must look to Florida law to determine whether the parties entered into an enforceable arbitration agreement. Senti, 2007 WL 1174076 at * 5.

Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. Castro, 2008 WL 4415424 at *3 (citing Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.,1999)). There is a valid written agreement between the Parties and the Defendant has not waived its right to arbitration. The sole remaining factor for the Court's consideration is whether or not the issue is subject to arbitration under the terms of the contract.

The Florida Supreme Court held in Seifert v. U.S. Homes Corporation , that even keeping in mind the general policy favoring arbitration, not every dispute that arises between contracting parties should be subject to arbitration." 750 So.2d at 638. The prevailing case law holds that, even

in contracts containing broad arbitration provisions, the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause. Id.

Under Florida law if the contract places the parties in a unique relationship that creates new duties not otherwise imposed by law, then a dispute regarding a breach of a contractually-imposed duty is one that arises from the contract. Seifert, 750 So.2d at 640 . Analogously, such a claim would be one arising from the contract terms and therefore, subject to arbitration where the contract required it. Id. If, on the other hand, the duty alleged to be breached is one imposed by law in recognition of public policy and is generally owed to others besides the contracting parties, then a dispute regarding such a breach is not one arising from the contract, but sounds in tort. Id. Therefore, a contractually-imposed arbitration requirement ... would not apply to such a claim.

In this instance, the Plaintiffs allege that the Defendant's actual negligence caused the injuries to Andrew Oberstar. In this case, as in Seifert, the factual allegations in the Complaint do not rely on the contract between the Oberstars and DiVosta. Id. at 641. The Plaintiff's do not refer to the Contract in their complaint but rather to common law tort for personal injury. The Complaint focuses on the Defendant DiVosta's alleged negligent construction that allowed moisture to seep into the house and form mold which allegedly cause injury to the Plaintiffs. The allegations in the Complaint would apply to any third party who developed respiratory difficulties due to mold exposure from spending time in the unit. As the Florida Supreme Court held in Seifert, the mere existence of an arbitration clause in a contract does not in and of itself compel the dispute to arbitration. Id. at 642.

While the Defendant points to a clause in the contract that refers to mold and environmental hazzards, the clause is clearly referring to the condition of the construction at the time of the transfer of ownership. Here, the Plaintiff's allege that the Defendant's negligent construction allowed water to seep into the Unit and resulted in the formation of mold. As such, the Plaintiffs' are not alleging an issue that arose from the Contract or that was even remotely related to the Contract, but were referring to after occurring events that were allegedly caused by the Defendant's negligent construction. Where "the duty alleged to be breached is one imposed by law in recognition of public policy and is generally owed to others besides the contracting parties, then a dispute regarding such a breach is not one arising from the contract but sounds in tort." Id. at 640. As noted above, contractual arbitration requirements do not apply to such claims. Id. Thus, the tort action claim does not create a significant enough relationship to the Contract to compel the arbitration in this case.

Recent case law from Florida's Second District Court of Appeals supports this conclusion. In Kaplan v. DiVosta Homes, 983 So. 2d 1208, 1208 (Fla. 2d DCA 2008). the same issue arose under the same arbitration clause between a different Plaintiff and DiVosta. In Kaplin, Divosta and the Villagewalk Homeowners Association cross-appealled the trial court's denial of their motion to compel arbitration of the Kaplans' claims relating to enforcement of covenants and restrictions and for personal injury sustained by Mr. Kaplan due to mold exposure. Id. Florida's Second District Court of Appeals, affirmed the trial court's order denying the motion to compel arbitration. The Second District Court of Appeals, relying on the nexus requirement in Seifert, held that the alleged injury claims due to mold exposure were "insufficiently related to the sales contract to require submission to arbitration." Kaplan, 983 So. 2d at 1211-1212.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Defendant Divosta Homes Motion to Dismiss or for a Stay or to Compel Arbitration Pursuant to Florida Statute 682.03(3) (In the Altenative) (Doc. #15) should be **DENIED**.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

**Respectfully Recommended** at Fort Myers, Florida, this __10th__ day of October, 2008.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record