UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW OBERSTAR; MARIE OBERSTAR,

        Plaintiffs,

vs.   Case No. 2:08-cv-115-FtM-29SPC

DIVOSTA HOMES, L.P.,

        Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #23), filed October 10, 2008, recommending Defendant DiVosta Homes' Motion to Dismiss or for a Stay or to Compel Arbitration Pursuant to Florida Statute 682.03(3) (in the Alternative) (Doc. #15) be denied. Defendant's Exceptions and Objections to Report and Recommendation were filed on October 20, 2008.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which

specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)). Even in the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the magistrate judge. It is clear that the motion to dismiss portion of the motion is due to be denied. The Complaint complies with the federal pleading requirements, as set forth in the Report and Recommendation. In any event, an Answer (Doc. #11) was filed prior to the motion to dismiss, rendering the motion to dismiss a nullity. Byrne v. Nezhat, 261 F.3d 1075, 1093 n.35 (11th Cir. 2001).

As to arbitration, the Florida Supreme Court has found that under federal and Florida law tort claims are covered by some contract arbitration provisions, e.g., Sears Authorized Termite &

Pest Control, Inc. v. Sullivan, 816 So. 2d 603 (Fla. 2002), but not covered by other contract arbitration provisions, e.g., Seifert v. U.S. Home Corp., 750 So. 2d 633 (Fla. 1999). The Florida appellate court has held that the contract arbitration provision in this case does not cover personal injury claims sustained due to mold exposure. Kaplan v. DiVosta Homes, L.P., 983 So. 2d 1208 (Fla. 2d DCA 2008). There are no federal decisions to the contrary. None of defendant's exceptions or objections to the Report and Recommendation change the impact of Kaplan, and unless and until the Florida Supreme Court says otherwise, Kaplan is binding.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation is hereby **ACCEPTED**.

2. Defendant DiVosta Homes' Motion to Dismiss or for a Stay or to Compel Arbitration Pursuant to Florida Statute 682.03(3) (in the Alternative) (Doc. #15) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   5th   day of November, 2008.

                                        /s/ John E. Steele
                                        JOHN E. STEELE
                                        United States District Judge

Copies:
Hon. Sheri Polster Chappell
United States Magistrate Judge

Counsel of Record